UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                     )
                                           )
    KELLY ANN SHEA              )    Case No. 08-10014-SSM
                                           )    Chapter 7
        Debtor              )

**MEMORANDUM OPINION**

Before the court is the debtor's motion for waiver, based on exigent circumstances, of the requirement for pre-petition credit counseling. For the reasons stated, the motion must be denied.

Kelly Ann Shea ("the debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on January 2, 2007. The petition did not contain the required statement (Exhibit D) concerning credit counseling, nor did the debtor file a credit counseling certificate with the petition. She did file the next day the "Motion for Exigent Circumstances / Motion to Waive Credit Counseling Requirement" that is currently before the court. In it, she states,

> I recently lost my job from which I earned $70,000. I was able to make payments to various creditors. Due to the Christmas Holiday, I have not as yet found employment and am under threat of eviction proceedings. I need to file the petition immediately to prevent an immediate eviction of my son and me and a repossession of the vehicle.

Among the far-reaching changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 is a requirement that individual debtors, within 180 days prior to filing a bankruptcy petition, receive from an approved nonprofit budget and credit counseling

1

agency an individual or group briefing that outlines the opportunities for available credit counseling and that assists the individual in performing a related budget analysis. §109(h)(1), Bankruptcy Code.  The requirement may be deferred with respect to a debtor who submits to the court a certification that (1) "describes exigent circumstances that merit a waiver" of the credit counseling requirement; (2) *"states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services...during the 5-day period beginning on the date on which the debtor made that request;"* and (3) "is satisfactory to the court." §109(h)(3)(A)(i)-(iii) (emphasis added).  The exemption, if granted, is effective for 30 days. §109(h)(3)(B).

Although the debtor's certification is not clear as to when eviction proceedings or repossession of the automobile might occur, the court will assume that those risks were sufficiently imminent that an immediate filing was required in order to preserve the status quo. The problem, however, is that the certification does not show that the debtor requested credit counseling from an approved credit counseling agency prior to filing her petition, but was unable to obtain it within five days of the request.  Absent a request for services and the agency's inability to provide counseling within the five-day period, the court has no power to grant a request for waiver, no matter how compelling the circumstances.  *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005).  Accordingly, the court has no choice but to deny the waiver request and dismiss the case.[1]

---

[1] Although such dismissal is without formal prejudice to re-filing after the debtor obtains the required counseling, the debtor should be aware that if she files a new case within one year of the dismissal of the present case, the automatic stay that restrains most types of creditor activity will terminate after 30 days unless, within that period, the debtor files—and the court, after

(continued...)

A separate order will be entered consistent with this opinion.[2]

Date: _____    _____
                                             Stephen S. Mitchell
Alexandria, Virginia                         United States Bankruptcy Judge

Copies to:

Kelly Ann Shea
8320 Green Heron Way
Lorton, VA 22079
Debtor *pro se*

Robert O. Tyler, Esquire
Tyler, Bartl, Gorman & Ramsdell, PLC
700 S. Washington Street, Suite 216
Alexandria, VA  22314
Chapter 7 trustee

Dennis Early, Esquire
Assistant United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314

---

[1](...continued)
notice and a hearing, grants—a motion to extend the automatic stay beyond the 30 days. *See* § 362(c)(3), Bankruptcy Code.

[2] By separate order, the court will grant the debtor's request for waiver of the filing fee. Whether a waiver will be granted in connection with a subsequent petition will be based on the circumstances existing at that time (including whether the debtor has obtained employment or begun receiving unemployment benefits).